USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/22/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTHONY GREENE,  :  REPORT AND
 :  RECOMMENDATION
 :
        Plaintiff,  :  10 Civ. 4524 (LTS) (JLC)
 :
    -v-  :  (Non-ECF Case)
 :
WESTCHESTER COUNTY JAIL  :
HEALTH SERVICES and DR. ZELENSKI,  :
 :
        Defendants.  :
------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

**To the Honorable Laura Taylor Swain, U.S.D.J.:**

  The complaint in this action was filed on May 28, 2010. (Doc. No. 2). Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, plaintiff Anthony Greene was required to serve the summons and complaint on the defendants by September 25, 2010. By October 7, 2010, the docket reflected that Mr. Greene had not effectuated service on either defendant. Accordingly, the Court issued an Order on that date providing Mr. Greene with an additional 30 days to effect service. (Doc. No. 6). He was directed to arrange for prompt service of the summons and complaint on the defendants by November 8, 2010. The Order also directed Mr. Greene to advise both the Pro Se Office and my chambers of his new address, as the Westchester County Jail had advised that Mr. Greene was no longer incarcerated there, and the Pro Se Office had not received notice of a change of address from him. The Order specifically informed Mr. Greene that his case could be dismissed if he failed to comply with these directives.

  To date, there has been no proof of service filed with respect to either defendant, nor has there been an application for an extension of time showing good cause for failure to serve. Upon inquiry, we have learned from the Marshal's Service that it has received no request from Mr. Greene to effectuate service.

  Rule 4(m) of the Federal Rules of Civil Procedure provides:

USDC SDNY
DATE SCANNED 11/22/10

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

The 120-day period permitted under Rule 4(m) has long since expired.

For these reasons, and because this is not a case in which the Court should exercise its discretion to grant an extension in the absence of good cause, see Zapata v. City of New York, 502 F.3d 192 (2d Cir. 2007), I recommend that the complaint be dismissed without prejudice pursuant to Rule 4(m).

## PROCEDURE FOR FILING OBJECTIONS
## TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from service of this Report to file any objections. See also Fed. R. Civ. P. 6(a), (e). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Honorable Laura Taylor Swain and to the undersigned, 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Swain. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).

Dated: New York, New York
       November 19, 2010

_____
JAMES L. COTT
United States Magistrate Judge

**Copies of this Order have been mailed to the following:**

Anthony Greene
12515
Westchester County Jail
P.O. Box 10
Valhalla, NY 10595

Pro Se Office - Room 230

Hon. Laura Taylor Swain